## Hathaway, Appellant, *v.* Newell.

*Equity—Findings of fact—Credibility of witnesses—Appeals.*

Findings of fact by a chancellor, upon conflicting testimony involving a consideration of the credibility of witnesses, will not be set aside by an appellate court, unless manifest error is shown, and where a bill in equity for discovery and an accounting was dismissed because the chancellor regarded the testimony in support thereof as inaccurate and unreliable, the decree was affirmed.

Argued Oct. 21, 1914. Appeal, No. 162, Oct. T., 1914, from decree of C. P. Allegheny Co., Jan. T., 1913, No.

1929, in equity, dismissing bill in equity for discovery and for an accounting in case of Rose Allen Hathaway, Administratrix of the Estate of Frank H. Hathaway, deceased, v. John Newell.  Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ.  Affirmed.

Bill in equity for discovery and for an accounting derived from the operation and sale of an oil and gas lease.  Before HAYMAKER, J.

The opinion of the Supreme Court states the case.

The court dismissed the bill.   Plaintiff appealed.

*Error assigned,* among others, was the decree of the court.

*E. J. Kent,* for appellant.

*Clarence Burleigh,* with him *William A. Challener,* for appellee.

PER CURIAM, January 2, 1915:

This bill was by an administratrix for discovery and accounting in which she alleged that the decedent had purchased an interest in the lease of oil and gas lands held by the defendant.   The allegations in the bill as to the extent of the decedent's interest and when and how acquired were inconsistent and irreconcilable and the learned trial judge was "not impressed with the accuracy and reliability of the evidence" in support of them and he dismissed the bill for want of proof.   An examination of the testimony has not led us to doubt the correctness of his conclusion.   If there were a doubt, it would not lead to a reversal.   The findings of fact by a judge from conflicting testimony, where the credibility of witnesses is involved, will not be set aside by an appellate court unless manifest error is shown. Patterson's Est., 237 Pa. 24.

The decree is affirmed at the cost of the appellant